UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANEUVA, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 805   Motion in Limine to Exclude Evidence of Other Crimes or Bad Acts (Jerry W. Green, Jr.)
Dkt. 809   Response

I. Motion in Limine (Jerry W. Green, Jr.)

Defendant Jerry W. Green, Jr. moves in limine to exclude evidence of other crimes or bad acts. Defendant Green states that the Government intends to introduce evidence concerning other criminal activity not described in the Second Superseding Indictment purportedly committed by Defendant Green:

1. Possession of crack cocaine with intent to distribute - 2006;

2. Felon-in-possession of a firearm and flight from law enforcement - 2008;

3. Flight from law enforcement, display by Defendant of a firearm (felon-in-possession) and a large amount of cash - 2012;

4. Flight from law enforcement - 2012;

5. Possession of marijuana with intent to distribute - 2012;

6. Possession of marijuana with intent to distribute - 2012;

Case No. 8:12-CR-205-T-17MAP

>   7.  Felonious possession of ammunition, possession of marijuana, flight from law enforcement - 2012;
>
>   8.  Felonious possession of a firearm and discharge of a firearm - 2013.

Defendant Green states that only No. 3 and No. 6 above involved Defendant Green's purported coconspirators in this case.

Defendant Green argues that the Government's theory of the case is that Defendant Green and his coconspirators instilled fear in the community, furthering their RICO enterprise, by perpetuating the notion that they were untouchable by law enforcement. Defendant Green argues that, of the eight crimes that the Government seeks to introduce against Defendant Green, only one alleged offense was committed in conjunction with Defendant Green's codefendants. The other crimes were committed by Defendant Green alone, or in combination with another person not indicted as part of the RICO conspiracy.

Defendant Green argues that the other crimes did not arise out of the same set of transactions as the charged offenses, the above evidence is not inextricably intertwined with the charged offenses, and is not necessary to complete the story of those crimes. Defendant Green contends that, other than the fact that Defendant Green allegedly committed the other crimes, there is no discernible connection between the above crimes, and the crimes charged in the Second Superseding Indictment. Defendant Green argues that evidence of other crimes does not establish a chain of events that explains the context, motive or set-up of the RICO conspiracy and related offenses, and the evidence should be excluded under Fed. R. Ev. 403 and Fed. R. Ev. 404(b).

Case No. 8:12-CR-205-T-17MAP

II. Response

    The Government responds that, at trial, the United States expects the evidence to show that Defendants successfully kept the criminal Enterprise up and running for an extended period of time by using a variety of tactics intended to thwart law enforcement, and these tactics were part of their modus operandi ("M.O."). When confronted by law enforcement, Defendants often fled, both in automobiles and on foot. Defendants did so to escape capture and to conceal evidence, including firearms and controlled substances. Defendants used automobiles belonging to and rented by third parties. Defendants used cellular telephones subscribed to under fake user names and by third parties. Defendants frequently switched cellular telephone numbers. All of these techniques were vital to the success of the Enterprise. Despite being prohibited from possessing firearms by virtue of their status as convicted felons, Defendants carried firearms in order to commit murders and robberies, and to protect themselves from equally vicious rival enterprises, and each other. The Government has provided a detailed account of the evidence, and what the Government expects that the evidence will show (Dkt. 809, pp. 6-12).

    The Government argues that the convictions and incidents summarized in Defendant Green's Motion are inextricably intertwined with, and direct evidence of, the conspiracies charged in Counts 1 and 2, and necessary to complete the story of the crimes. The Government contends that the evidence is intrinsic to the racketeering and drug trafficking conspiracies, and probative of elements of both conspiracies, including Defendant Green's role in, knowledge of, and intent to participate in the affairs of the Enterprise. The offenses occurred in the Middle District of Florida, and occurred within the time frames of the conspiracies charged in Counts 1 and 2. The Government contends the evidence should be admitted without a Rule 404(b) limiting instruction.

Case No. 8:12-CR-205-T-17MAP

The Government further argues that the incidents and convictions referenced in Defendant Green's Motion should be admitted, even if the incidents and convictions are subject to Fed. R. Ev. 404(b). In determining admissibility of evidence pursuant to Fed. R. Ev. 404(b), the Court considers: 1) whether the evidence is relevant to an issue other than the defendant's character; 2) whether there is sufficient proof so that a jury could find that the defendant committed the extrinsic act; and 3) whether the evidence possesses probative value that is not substantially outweighed by its undue prejudice, and meets other requirements of Rule 403. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003)(citing United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992)(en banc)).

The Government argues that Defendant Green, by pleading not guilty, has placed his knowledge and intent at issue. The incidents and convictions show Defendant Green's knowledge and intent as to Count 1 and Count 2; therefore, the evidence is relevant to an issue other than character. The Government argues that there is more than sufficient evidence to find that Defendant Green committed the crimes, in that Defendant Green was either convicted and/or the conduct was witnessed by law enforcement officers. The Government further argues that, in Defendant Green's case, all of the incidents and offenses described are contemplated within the Method and Means (Paragraphs 6-28) of the RICO conspiracy charged in Count 1, and the drug distribution conspiracy charged in Count 2. All the incidents and offenses occurred with the time periods charged in Counts 1 and 2. United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995)(probative value of evidence of prior marijuana deals was not substantially outweighed by danger of unfair prejudice) .

III. Discussion

Defendant Jerry W. Green, Jr. is charged in the following Counts of the Second Superseding Indictment:

Case No. 8:12-CR-205-T-17MAP

| | |
|---|---|
| Count 1 | 18 U.S.C. Sec. 1962(d)<br>RICO Conspiracy; |
| Count 2 | 21 U.S.C. Sec. 846, 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C)<br>Knowingly and willfully combine, conspire and agree with each other and other persons, both known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute... Schedule I and Schedule II controlled substances; |
| Count 3 | 18 U.S.C. Sec. 924(c), 924(c)(1)(A)(iii), 924 (j)(1), and 2<br>Knowingly use, carry and discharge firearm during and in relation to Count 1,... a crime of violence,...and in the course of said violation caused the death of Christopher Jenkins ...through the use of a firearm; |
| Count 18 | 18 U.S.C. Sec. 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2<br>Knowingly use, carry and discharge a firearm during and in relation to Count 1, and in the course of said violation caused the death of Ceola Lazier,...through the use of a firearm; |
| Count 19 | 18 U.S.C. Sec. 924(c), 924(c)(1)(A)(iii), 924(j)(1), and 2<br>Knowingly use, carry and discharge a firearm during and in relation to Count I..., a crime of violence,...and in the course of said violation Carlos Jurado, a/k/a "Giggles,"... through the use of a firearm. |

Case No. 8:12-CR-205-T-17MAP

A. General Principles

1. Count 1

"It is well settled in this circuit that the government can prove an agreement to participate in a RICO conspiracy in either of two ways: (1) showing an agreement on the overall objective; or (2) showing that a defendant agreed personally to commit two predicate acts thereby agreeing to participate in a "single objective." United States v. Church, 955 F.2d 688, 694 (11th Cir.), cert. denied, 506 U.S. 881, 113 S.Ct. 233, 121 L.Ed.2d 169 (1992); United States v. Starrett, 55 F.3d 1525, 1544 (11th Cir. 1995). "The government can prove an agreement on an overall objective 'by circumstantial evidence showing that each defendant must necessarily have known that the others were also conspiring to participate in the same enterprise through a pattern of racketeering.' " Starrett, 55 F.3d at 1544 (quoting United States v. Gonzalez, 921 F.2d 1530, 1540 (11th Cir.), cert. denied, 502 U.S. 860, 112 S.Ct. 178, 116 L.Ed.2d 140 (1991)). See United States v. Massey, 89 F.3d 1433, 1440 (11th Cir. 1996).

2. Count 2

In order to prove a conspiracy under 21 U.S.C.A. § 846 "the government must prove, by direct or circumstantial evidence, that there was an agreement among the defendants to achieve an illegal purpose." United States v. Watson, 669 F.2d 1374, 1379 (11th Cir. 1982). The government is not required to prove that each co-conspirator participated at every stage of the conspiracy. Id. Furthermore, the government is not required to prove any overt act in furtherance of the conspiracy. United States v. Davis, 666 F.2d 195, 201 n. 9 (5th Cir. 1982). Proof of knowledge is satisfied by proof that the defendant knew the essential object of the conspiracy. Id. at 201. Every member of a conspiracy need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement. United States v. Nickerson, 669 F.2d 1016, 1022 (11th Cir. 1982). And finally, whether the

Case No. 8:12-CR-205-T-17MAP

object of the conspiracy is achieved is immaterial to the commission of the crime of conspiracy. United States v. Tombrello, 666 F.2d 485, 489 (11th Cir. 1982). See United States v. Cuni, 689 F.2d 1353 (11th Cir. 1982).

3. Counts 3, 18, 19

    18 U.S.C. Sec. 924(c)(1)(A)(iii) provides:

    c) (1) (A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

    ......

    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

    18 U.S.C. Sec. 924(j)(1) provides:

    (j) A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—

    (1) if the killing is a murder (as defined in section 1111 [18 USCS § 1111]), be punished by death or by imprisonment for any term of years or for life...

The Court notes that a substantive violation of 18 U.S.C. Sec. 924(c) may be subject to the Pinkerton doctrine; an absent conspirator may be liable for a violation

Case No. 8:12-CR-205-T-17MAP

when it is a reasonably foreseeable action of the conspiracy. See <u>United States v. Diaz</u>, 248 F.3d 1065 (11th Cir. 2001).

B.  Fed. R. Ev. 403 and 404(b)

1.   Fed. R. Ev. 403

Fed. R. Ev. 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

"Unfair prejudice" involves some adverse effect beyond tending to prove the fact or issue that justifies the admission of the evidence. Prejudice is unfair when it tends to suggest a decision by the fact finder on an improper basis, such as on an emotional basis.

The Court notes that Rule 403 is an "extraordinary remedy" whose "major function...is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." (citation omitted). The Rule carries a "strong presumption in favor of admissibility." See <u>United States v. Grant</u>, 256 F.2d 1146, 1155 (11th Cir. 2001).

2.   Fed. R. Ev. 404(b)

Fed. R. Ev. 404(b) provides:

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the

8

Case No. 8:12-CR-205-T-17MAP

person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Evidence of criminal acts other than the offenses charged is not extrinsic under 404(b), and therefore falls outside the scope of 404(b), when it is "(1) an uncharged offense that arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offenses." United States v. Baker, 432 F.3d 1189, 1205 n. 9 (11th Cir. 2005). Evidence is inextricably intertwined when it is "pertaining to the chain of events explaining the context, motive and set-up of the crime," and such evidence "is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985).

The Government argued that above convictions and incidents summarized are part of the conspiracies charged in Counts 1 and 2. After consideration, the Court denies the Motion in Limine on this basis.

The Court notes that the Government further argues that even if the above convictions and incidents are subject to Fed. R. Ev. 404(b), they should be admitted, since Defendant Green's knowledge and intent are at issue. Where there is a danger

Case No. 8:12-CR-205-T-17MAP

of unfair prejudice, Defendant Green may request a limiting instruction or relief. Accordingly, it is

**ORDERED** that the Motion in Limine (Dkt. 805) is **denied.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 27th day of June, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record