UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:12-CR-205-T-17MAP

ANGEL VILLANUEVA, et al.

_____/

ORDER

This cause is before the Court on:

Dkt. 912   Third Motion in Limine (Jerry W. Green, Jr.)
Dkt. 937   Response in Opposition

Defendant Jerry W. Green, Jr. moves in limine to exclude testimonial and documentary evidence, and reference in opening statements and closing arguments, relating to the designated lyrics of the Pool Party rap video and section of the ATF transcript which state:

> Police ass niggers dropping dimes on their families. I had them eaten when they're done. We talking about the cops and the judges all of em, (unintelligible) mother fucker; I'm feeling like robbing everybody just because, or throw a bomb in the courtroom to fuck them up.

ATF Pool Party Tr. 6, 118-120, 2012.

Defendant Jerry W. Green, Jr. argues that the information is not relevant, pursuant to Fed. R. Ev. 401(b), and is therefore not admissible pursuant to Fed. R. Ev. 402. Defendant Green further argues that the information should be excluded pursuant to Fed. R. Ev. 403, as its probative value is substantially outweighed by a danger of unfair prejudice.

Case No. 8:12-CR-205-T-17MAP

The Government opposes Defendant Green's Motion in Limine. The Government incorporates its previous response regarding the exclusion of rap lyrics, which addressed the same video. (Dkt. 563). The Government argues that the stated passage is direct evidence of the racketeering conspiracy charged in Count 1. The stated passage exemplifies the climate of intimidation and fear that Defendant Jerry W. Green, Jr. created in Bradenton on behalf of the Enterprise. The methods, means, and overt acts of the conspiracy charged in Count 1 include tampering with witnesses, obstructing justice, threatening others with violence, and the publication of the activities of the Enterprise through social media. The referenced video, Bradenton 941 Pool Party, and the particular passage that is the subject of this Motion constitute direct proof of each of those allegations.

The Government argues that the particular passage is probative, in light of Defendant Jerry W. Green, Jr.'s repeated assaults on the credibility of Government witnesses who claimed to be afraid of Defendant Jerry W. Green, Jr. See United States v. Belfast, 611 F.3d 783, 820 (11th Cir. 2010)(rap lyrics relevant to show association, role and violence).

The Government further argues that the Bradenton 941 Pool Party Video also involves Defendant Jerry W. Green, Jr. repeatedly stating that "this" is "gangster" and that it is "real." The Government further argues that Defendant Jerry W. Green Jr. uses the term "real" in the video to describe his conduct and lifestyle and make it known to all that his statements express his true intent: the intent to instill fear in the community. The video maintains Defendant Jerry W. Green, Jr.'s reputation as a notorious and invincible killer, which benefits the Enterprise and deters rivals from retaliating and would-be witnesses from coming forward to law enforcement.

The Government argues that the probative value of the entire Bradenton 941 Pool Party Video is not substantially outweighed by the danger of unfair prejudice under

Case No. 8:12-CR-205-T-17MAP

Fed. R. Ev. 403, and is therefore admissible in its entirety. The defense can argue to the jury that the statements of Defendant Jerry W. Green, Jr. in the video are "art," but the trier of fact is entitled to take Defendant Jerry W. Green, Jr. at his word in considering the charged conspiracies in Counts 1 and 2, that it is all "real."

The Court previously denied motions in limine to exclude rap videos and lyrics without prejudice, and stated that the Court would use the following procedure as to each item of video evidence:

1. By noon on the trial day immediately preceding the trial day the Government intends to introduce the video excerpt, the Government shall provide the excerpts and the transcript of the Enterprise Video it seeks to introduce, and proffer the specific bases for the excerpt's relevance and probative value;

2. The following morning, the Court will conduct a brief hearing on the admission of the evidence;

3. If the Court admits the video evidence or portions thereof, the Government consents to a limiting jury instruction that the evidence is not to be considered for any improper purpose (Fed. R. Ev. 105).

(Dkt. 888).

The Court understands that Defendant Green has raised all his arguments via the Motion, and the Government has included all its arguments in opposition. The Court has viewed the subject video and has reviewed the subject transcript.

Fed. R. Ev. 403 provides:

Case No. 8:12-CR-205-T-17MAP

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

"Unfair prejudice" involves some adverse effect beyond tending to prove the fact or issue that justifies the admission of the evidence. Prejudice is unfair when it tends to suggest a decision by the fact finder on an improper basis, such as on an emotional basis.

The Court notes that Rule 403 is an "extraordinary remedy" whose "major function...is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." (citation omitted). The Rule carries a "strong presumption in favor of admissibility." See United States v. Grant, 256 F.2d 1146, 1155 (11th Cir. 2001).

The Court recognizes that the specified passage has a high probative value and also recognizes that there is a potential risk of unfair prejudice. The Government has consented to a jury instruction that this evidence should be considered only for its proper purpose. Defendant Jerry W. Green, Jr. may request additional prophylactic measures as Defendant deems necessary.

After consideration, the Court finds that the specified evidence is relevant, admissible, and the probative value of the evidence does not substantially outweigh danger of unfair prejudice. The Court denies Defendant Green's Third Motion in Limine. Accordingly, it is

Case No. 8:12-CR-205-T-17MAP

**ORDERED** that Defendant Green's Third Motion in Limine (Dkt. 912) is **denied.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 5th day of July, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record