UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 8:12-cr-205-T-17MAP

JERRY W. GREEN, JR.

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

This cause came before the Court for consideration of the Motion for Judgment of Acquittal (the "**Motion**") filed by the Defendant, Jerry W. Green. (Doc. No. 1217). The Court also considered the Government's Response in Opposition. (Doc. No. 1221). After review, the Motion is **DENIED**.

**I.      Positions of the Parties**

The Defendant asks this Court to enter a judgment of acquittal on his behalf for three reasons: (1) the Government's failure to prove the Defendant's involvement in a RICO conspiracy, (2) the legal inconsistency in the jury's verdicts for Counts 1 and 18 of the Second Superseding Indictment, and (3) the insufficiency of the evidence to support the jury's guilty verdict for Count 2 of the Second Superseding Indictment. The Defendant also renewed his Rule 29 Motion for Judgment of Acquittal. Through the Response in Opposition, the Government persuasively rebuts the Defendant's arguments, and asks this Court to deny the Defendant's requested relief.

**II.     Analysis**

The Motion is denied. In each of the following subsections, the Court will explain its reasoning for rejecting the Defendant's arguments.

A. **The Government offered sufficient evidence to establish the Defendant's involvement in the charged RICO conspiracy.**

Count 1 of the Second Superseding Indictment charged the Defendant with entering into a RICO conspiracy in violation of 18 U.S.C. § 1962(d). (*Second Superseding Indictment*, Doc. No. 82 at 2). That statute makes it "unlawful for any person to conspire to violate any of the provisions" enumerated in the statute. 18 U.S.C. § 1962(d). Taking the evidence in the light most favorable to the Government, the Court finds that the Government offered more than sufficient proof for a jury to convict the Defendant of RICO conspiracy.

To establish a RICO conspiracy, the case law required the Government to prove that the Defendant "objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of the enterprise through the commission of two or more predicate crimes." United States v. Starrett, 55 F.3d 1525, 1543 (11th Cir. 1995). The focus of the Court's inquiry regarding the sufficiency of the evidence is on the agreement to participate in the enterprise through the pattern of racketeering activity, and not on the agreement to commit the individual predicate acts. Id.

The Government had two ways to establish the Defendant's participation in the RICO conspiracy: "(1) by showing an agreement on an overall objective, or (2) ... by showing that a defendant agreed personally to commit two predicate acts and therefore to participate in a 'single objective' conspiracy." Id. at 1544 (omission by ellipsis in the original). "The government can prove an agreement on an overall objective by circumstantial evidence showing that each defendant must necessarily have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activity." Id. If the government proceeds with the RICO conspiracy

prosecution under the overall objective theory, then it is not required to prove that the defendant agreed to commit two predicate acts. Id.

The Court heard and saw all of the evidence presented at the Defendant's three month trial. Applying the RICO conspiracy standard to the facts presented at trial, the Court finds that the Government offered more than sufficient proof for the jury to find beyond a reasonable doubt that the Defendant was guilty of RICO conspiracy in violation of 18 U.S.C . § 1962(d). The Defendant's argument fails.

### B. The jury's special finding in Count 1 and the guilty verdict for Count 18 are not inconsistent, and the Defendant is not entitled to the entry of a judgment of acquittal for Count 18.

The jury's special finding that the Defendant did not murder Ceola Lazier in Count 1 and its verdict that the Defendant used, carried, and discharged a firearm, or aided or abetted another who committed such acts, in relation to the death of Ceola Lazier are not inconsistent. (*Jerry W. Green Verdict*, Doc. No. 1185 at 1, 6). Furthermore, even if the verdicts were inconsistent, controlling case law does not demand that the Court enter a judgment of acquittal for Count 18 of the Second Superseding Indictment in favor of the Defendant.

#### 1. *The jury's special finding in Count 1 and the Defendant's guilty verdict for Count 18 are not inconsistent.*

The elements for the special finding in Count 1 and the offense described in Count 18 differed. Furthermore, Count 18 included special "aiding and abetting" language that differs from the special sentencing allegation in Count 1. Id. Based on the evidence presented at trial, the jury could have reasonably found that the Defendant aided and abetted another person in the death of Ceola Lazier, but did not actually commit the murder himself. The verdicts are therefore not inherently inconsistent.

> 2.   *Even if the verdicts were inconsistent, the Defendant is not entitled to a judgment of acquittal.*

Under our Constitution, the jury has the unreviewable power to return a not guilty verdict for improvident reasons. United States v. Powell, 469 U.S. 57, 58 (1984). The U.S. Supreme Court explained that a jury could reach an inconsistent verdict for any number of reasons, including mistake, compromise, or lenity. Id. at 65. Indeed, a jury may reach an inconsistent verdict in "difficult cases where the jury wishes to avoid an all-or-nothing verdict." Id. at 66. The jury's ultimate deliberations should not be disturbed on the basis of inconsistent verdicts. Id. The jury's decision to acquit the Defendant of the murder of Ceola Lazier in Count 1 inured to his benefit, and "it is neither irrational nor illogical to require [him] to accept the burden of conviction on the counts on which the jury convicted." See id. at 69.

The Eleventh Circuit has followed the precedent of the U.S. Supreme Court, and specifically allows inconsistent verdicts. United States v. Andrews, 850 F.2d 1557, 1562 (11th Cir. 1988). The Eleventh Circuit reasoned that criminal defendants have substantial protection against jury irrationality or error because the trial court undertakes an independent review of the sufficiency of the evidence presented to the jury. Id. In this case, the Court specifically finds that there was sufficient evidence for the jury to convict the Defendant of Count 18 of the Second Superseding Indictment.

**C.   The evidence adduced at trial was sufficient to support the jury's verdict for Count 2.**

When reviewing the sufficiency of the evidence, the Court should affirm the jury's verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bell, 308 F. App'x 442, 443 (11th Cir. 2009) (unreported) *citing* United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir.1999)

4

(internal quotation marks omitted) (emphasis in original). When making this determination, the Court reviews "the evidence in the light most favorable to the government and accept[s] all reasonable inferences in favor of the jury's verdict." Bell, 308 F. App'x at 443. Applying this standard, the Court finds that the jury's verdict was supported by the evidence, and that any rational trier of fact could have the Defendant guilty of this offense beyond a reasonable doubt.

### D. The Defendant's renewal of his Rule 29 motion for judgment of acquittal is denied.

Rule 29(a) of the Federal Rules of Criminal Procedure requires the Court to enter "a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When reviewing the Defendant's motion for judgment of acquittal, the Court determines whether the relevant evidence, viewed in the light most favorable to the Government, is sufficient to support a jury's finding of guilt. United States v. Taylor, 972 F.2d 1247, 1250 (11th Cir. 1992). "The district court must accept all reasonable inferences tending to support the Government's case." Id. The district court must also resolve any conflicts in the evidence in favor of the Government. Id. The Court affirms its previous ruling, and denies the Defendant's motion for judgment of acquittal.

## III. Conclusion

Accordingly, it is

**ORDERED** that the Defendant's Motion (Doc. No. 1217) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 30th day of December, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record